# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KARLA ALONZO VASQUEZ and § <br> IRMA ODILIA OROXOM GOMEZ § <br> § <br> v. § <br> § <br> § <br> THE UNITED STATES OF AMERICA § | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiffs Karla Alonzo Vasquez and Irma Odilia Oroxom Gomez, and file this, their Original Complaint, complaining of and against The United States of America. In support thereof, Plaintiffs would respectfully show the Court as follows:

### I. NATURE OF THE ACTION

1. This lawsuit is filed against the United States under 28 U.S.C. § 1346(b). Specifically, the suit arises from a motor vehicle collision and involves a claim against the United States for personal injury caused by the negligent act and/or wrongful act/omission of a government employee while acting within the scope of his employment at the United States Postal Service.

### II. PARTIES

2. Plaintiff Karla Alonzo Vasquez, an individual, is a citizen of the State of Texas, residing in Houston, Texas.

3. Plaintiff Irma Odilia Oroxom Gomez, an individual, is a citizen of the State of Texas, residing in Houston, Texas.

4. Defendant United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by personally serving a copy of the Summons

and of the Complaint on the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, attention Civil Process Clerk, 1000 Louisiana St., Suite 2300, Houston, Texas 77002; and by serving a copy of the Summons and of the Complaint on Pamela Bondi, Attorney General of the United States, at the United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

### III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 2671-2680, *et seq*. and 28 U.S.C. § 1346(b), commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Courts.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C § 1402(b) because the United States is a Defendant, Plaintiff is a resident of this Judicial District, and a substantial part of the events forming the basis of this complaint took place within the Houston Division of the Southern District of Texas, specifically in Harris County, Texas.

7. Plaintiffs Irma Odilia Oroxom Gomez and Karla Alonzo Vasquez gave timely notice to Defendant United States of their claims in accordance with the Federal Tort Claims Act on September 23, 2024 and November 4, 2024, respectively. More than six (6) months have elapsed since such notice without resolution of said claims. In accordance with Sections 2672 and 2675(a) of Title 28 of the United States Code, Plaintiffs deem the claims finally denied by the United States Postal Service, establishing the Court's jurisdiction to proceed with Plaintiff's claims against the United States in this suit. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV. AGENCY / *RESPONDEAT SUPERIOR*

8. The United States Postal Service is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Postal Service, at all times material hereto, owned, operated, and controlled the motor vehicle being operated by its employee, Joseph Hong.

9. At all times material hereto, Joseph Hong was an agent, servant, and/or employee of the United States Postal Service, the United States of America, or some other agency thereof, and was, at all times material hereto, acting within the course and scope of such employment.

10. Whenever it is alleged that Defendant The United States of America did any act or thing, it is meant that Defendant, its officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of The United States of America and was done in the normal and routine course and scope of employment of The United States of America's officers, agents, servants, employees, and/or representatives.

## V. FACTS

11. This lawsuit arises from a motor vehicle collision that occurred on November 18, 2023 in Harris County, Texas. On that date, Plaintiff Karla Alonzo Vasquez was operating a gray Honda Fit and was traveling southbound on SH-6. At the time of the subject collision, Plaintiff Irma Odilia Oroxom Gomez was a front-seat passenger in the vehicle operated by Plaintiff Vasquez.

12. At the same time, Joseph Hong was operating a United States Postal Service vehicle and was also traveling southbound on SH-6. Mr. Hong failed to drive in a single lane of travel and/or changed lanes when it was unsafe to do so, causing a collision with the front right side of

Plaintiffs' vehicle. The Harris County Sheriff's Deputy investigating the subject collision issued Joseph Hong a citation for changing lanes when unsafe and listed Mr. Hong's unsafe lane change as the sole contributing factor in causing the subject collision.

13. At all times material hereto, Joseph Hong was an employee of the United States Postal Service.

14. At all times material hereto, Joseph Hong was in the course and scope of his employment with the United States Postal Service.

15. At all times material hereto, Joseph Hong was acting at the United States Postal Service's direction and for the United States Postal Service's benefit.

16. At all times material hereto, Joseph Hong was engaged in the furtherance of the United States Postal Service's business.

17. At all times material hereto, Joseph Hong was engaged in accomplishing a task for which he was employed by the United States Postal Service.

18. At all times material hereto, Joseph Hong was negligent in the operation of a vehicle owned/leased by the United States Postal Service.

19. The negligence of Joseph Hong proximately caused the subject collision and the injuries and damages that Plaintiffs suffered as set forth below.

## VI. COUNT ONE: VICARIOUS LIABILITY OF THE UNITED STATES OF AMERICA UNDER FEDERAL TORT CLAIMS ACT

20. This action is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674, because the personal injuries and resulting damages on which complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of

Joseph Hong, an employee of the United States Postal Service, while acting within the scope of his office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Texas.

21. The United States of America, through its employee Joseph Hong, was negligent/negligent *per se* in one or more of the following respects:

   a. Changing lanes when unsafe in violation of Tex. Transp. Code § 545.060;
   b. Failing to maintain such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
   c. Failing to pay the degree of attention that a reasonable person would exercising ordinary prudence under the same or similar circumstances;
   d. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violations of Tex. Transp. Code § 545.401;
   e. Failing to exercise due diligence in observing the roadway;
   f. Failing to exercise due care and caution as a reasonable and prudent person would have done under the same or similar circumstances;
   g. Disregarding the rights of others, in being inattentive and acting in a heedless and thoughtless manner in causing injuries to others; and
   h. Driving while distracted and/or using a mobile device while operating amotor vehicle in violation.

22. At all times relevant herein, the employee of the United States Government, Joseph Hong, was negligent and/or negligent *per se* and caused the injuries and damages sustained by Plaintiffs. Therefore, The United States of America is vicariously liable for the foregoing negligent acts and/or omissions of its employee, Joseph Hong, pursuant to the legal doctrine of *respondeat superior*.

## VII. COMPENSATORY DAMAGES

### A. Plaintiff Irma Odilia Oroxom Gomez

#### 1. Bodily Injury

23. As a direct and proximate result of Defendant's negligent conduct, Plaintiff Gomez sustained personal injuries. Plaintiff believes that some of her injuries are permanent in nature and

have had serious effects on her health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and it is likely that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future. In connection with such injuries, Plaintiff has suffered the following damages:

   a. Medical expenses incurred in the past;
   b. Medical expenses that, in reasonable probability, will be incurred by Plaintiff in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;
   e. Mental anguish in the past;
   f. Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;
   g. Physical impairment in the past; and
   h. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

### 2. Property Damage

24. As a proximate result of Defendant's negligence, Plaintiff Gomez suffered the following damages to her personal property:

   a. Loss-of-use damages, which is the reasonable cost of renting a replacement vehicle while Plaintiff's vehicle is being repaired; and
   b. The reasonable cost of repairing Plaintiff's vehicle.

### B. Plaintiff Karla Alonzo Vasquez

25. As a direct and proximate result of Defendant's negligent conduct, Plaintiff Vasquez sustained personal injuries. Plaintiff believes that some of her injuries are permanent in nature and have had serious effects on her health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and it is likely that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future. In connection with such injuries, Plaintiff has suffered the following damages:

   a. Medical expenses incurred in the past;
   b. Medical expenses that, in reasonable probability, will be incurred by Plaintiff in the future;

c. Physical pain and suffering in the past;
d. Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;
e. Mental anguish in the past;
f. Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;
g. Physical impairment in the past; and
h. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

## VIII. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer and that upon final trial of this cause, Plaintiffs recover as follows:

a. actual damages within the jurisdictional limits of this Court;
b. post-judgment interest as allowed by law;
c. costs of Court; and
d. Plaintiffs demand judgment for all other relief to which Plaintiffs are entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

*/s/ Tamer T. Abouras*
M. RAYMOND HATCHER — Lead Counsel
Texas Bar No. 24002243
Southern District Bar No. 30184
rhatcher@sloanfirm.com
TAMER T. ABOURAS
Texas Bar No. 24112456
Southern District Bar No. 3750588
tabouras@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF